USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 01/31/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARINA CRUZ,

                Plaintiff,

-against-

32BJ SEIU; KYLE BRAGG,

                Defendants.

19-CV-11836 (LGS)

ORDER OF SERVICE

LORNA G. SCHOFIELD, United States District Judge:

    Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the New York City and State Human Rights Laws, alleging that her labor union discriminated against her based on her race and national origin. By order dated January 23, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

**DISCUSSION**

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants 32BJ SEIU and Kyle Bragg through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for 32BJ SEIU and Kyle Bragg, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:  January 31, 2020
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**DEFENDANTS AND SERVICE ADDRESSES**

1. 32BJ SEIU
   25 W. 18th Street
   New York, NY 10011

2. Kyle Bragg
   25 W. 18th Street
   New York, NY 10011