UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARINA CRUZ,

                        Plaintiff,

                                                      19 Civ. 11836 (LGS)

          -against-

                                                        <u>ORDER</u>

SEIU LOCAL 32BJ, et al.,

                        Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, familiarity with the background of this case is assumed. Defined terms herein have the same meaning as in the Opinion and Order, dated August 12, 2021 (Dkt. No. 160) ("Dismissal Order").

      WHEREAS, the Dismissal Order granted Defendant ABM's motion to dismiss in full, granted Defendant SEIU Local 32BJ's motion to dismiss in part.

      WHEREAS, the Dismissal Order directed Plaintiff to file any motion for leave to amend by September 13, 2021, and (1) permitted Plaintiff to seek to add a claim against the Union regarding two workload grievances (48485-1862580-19 and 48485-18) provided that they relate to the same workload complaint at issue in this case; (2) denied Plaintiff leave to amend the dismissed claims against the Union, namely earlier discrimination claims unrelated to the 2019 Workload Grievance, and the alleged violation of the NLRA related to the 2019 Workload Grievance and (3) permitted Plaintiff to seek to amend the NYSHRL and NYCHRL discrimination and retaliation claims against ABM to provide specified detailed factual allegations.

      WHEREAS, on September 13, 2021, Plaintiff filed two letters with the Court, entitled "New Claims of Discrimination & Retaliation Against SEIU 32BJ" (Dkt. No. 162) and "Breach

of Fair Representation" (Dkt. No. 163), which the Court construed as a motion for leave to amend (Dkt. No. 164).

WHEREAS, on September 24, 2021, Defendant SEIU Local 32BJ (Dkt. No. 168), and Defendant ABM (Dkt. No. 169) each filed a Memorandum of Law in opposition to the motion.

WHEREAS, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This permissive standard is consistent with [the court's] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (internal quotation marks omitted); *accord Travelex Currency Servs., Inc. v. Puente Enters., Inc.*, 449 F. Supp. 3d 385, 394 (S.D.N.Y. 2020). "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Olson v. Major League Baseball*, 447 F. Supp. 3d 174, 177 (S.D.N.Y. 2020). Leave also may be denied where the plaintiff "fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

WHEREAS, the Dismissal Order held that the Complaint did not state a sufficient discrimination claim against ABM under either the NYSHRL or the NYCHRL because the relevant factual allegations were too general and conclusory. For example, the Complaint did not identify the women workers or their male comparators, nor did it detail specific instances of less favorable treatment. *See, e.g.*, *Wooding v. Winthrop Univ. Hosp.*, No. 16 Civ. 4477, 2017 WL 2559942, at *10 (E.D.N.Y. June 12, 2017) (granting motion to dismiss because the complaint failed to state comparators' positions, responsibilities, qualifications or quality of their work); *Yan v. Ziba Mode Inc.*, No. 15 Civ. 47, 2016 WL 1276456, at *5 (S.D.N.Y. Mar. 29,

2016) (dismissing disparate treatment claim where plaintiff "fail[ed] to plead any facts regarding how [the plaintiff's comparators'] identities, experience levels, and conduct compared to [the p]laintiff's").

Plaintiff's proposed amendments would not cure these deficiencies. For example, several of Plaintiff's proposed additions amount to concerns that ABM failed to apply a seniority system to determine work assignments. The only non-conclusory allegations regarding discriminatory conduct against Plaintiff is an incident where Plaintiff was not permitted to wear headphones while working, despite seeing a male colleague wearing them at work. Even under the more lenient standard of review applied to NYCHRL claims, this allegation is insufficient to plead a claim because it does not rise to the level of a hostile work environment. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110-11 (2d Cir. 2013) (to support an NYCHRL discrimination claim, including alleging a hostile work environment, a plaintiff must show that she was "treated less well -- because of a discriminatory intent," but courts may "dismiss truly insubstantial cases" where it is clear that the conduct was trivial, insubstantial or petty) (internal quotation marks omitted).

WHEREAS, the Dismissal Order held the Complaint did not state a claim of retaliation against ABM under either NYSHRL or NYCHRL because the Complaint did not allege facts plausibly supporting the cause-and-effect sequence required to support such a claim. *See McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 67 (S.D.N.Y. 2020). For example, the Complaint did not include allegations regarding when or to whom Plaintiff complained about ABM's discrimination, nor did the Complaint identify a particular supervisor aware of Plaintiff's complaint who then subjected Plaintiff to a contrived warning. Plaintiff's proposed amendments do not cure the defects in her retaliation claim because the new allegations suggest that any

retaliation followed Plaintiff's "complaint against [a supervisor] with the NLRB for intimidating [her] coworkers" and asking them not to report workplace grievances to SEIU Local 32BJ or the NLRB.

WHEREAS, the Dismissal Order permitted Plaintiff to ask the Court's permission to add a claim against SEIU Local 32BJ concerning certain workload grievances, provided that Plaintiff explain how each grievance relates to the matters at issue in this lawsuit and detail what the Union did that she believes was unlawful and why it was unlawful.  Plaintiff now requests to add claims regarding workload grievance numbers 48485-18 and 62580-19.  But Plaintiff's proposed amendments do not appear to relate to the two grievances still at issue in this case -- grievance numbers 40014-18 and 41042-18 -- nor does Plaintiff assert that they do and explain how.  The proposed amendments also do not provide any detail regarding what the Union did that Plaintiff believes is unlawful and why it is unlawful.

WHEREAS, the Dismissal Order did not permit amendments unrelated to the pending claims.  Plaintiff's motion includes new allegations that post-date the 2019 Workload Grievance, including allegations that the Union did not follow OSHA regulations at the outset of the Covid-19 pandemic.  Allowing Plaintiff to amend to include new claims would be prejudicial to Defendant SEIU 32BJ.  *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) ("Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute.") (internal quotation marks omitted).  Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to file a Fourth Amended Complaint is **denied**, as Plaintiff's proposed amendments do not cure the deficiencies in the Dismissal Order.  For clarity,

the remaining claims to be litigated are the Title VII, NYSHRL and NYCHRL discrimination claims against the Union regarding the 2019 Workload Grievance.

Dated: October 6, 2021
      New York, New York

                                                  LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE